age only can be given. 5 Bac.Abr. 166, plaintiff's possession must be rightful. Plaintiffs have failed in showing that defendants turned the plaintiff out forcibly. If defendant can show he has title, it is sufficient justification.

*Clayton.* Peaceable possession alone sufficient for us to recover.

*Bassett* in conclusion. [2] Esp.N.P. 402, 403, possession is a sufficient title in trespass *vi et armis.* An interest in the soil is not necessary, an interest in the profits is sufficient. Bac.Abr. He who has the freehold cannot maintain trespass for an injury while it is in possession of another.

CHIEF JUSTICE. In this case defendants plead the land was their own freehold. If a man can get possession of his lands peaceably, he may take it. In this case [there are] three questions: whether he got possession peaceably, whether plaintiffs had a rightful possession, and [whether] defendant had good title. Possession is sufficient to support this action against a wrongdoer, and so if he has a rightful possession, this title in ejectment could not prevail. The plea of *liberum tenementum* should apply in this case to Thomas Dehorty alone.

Verdict for plaintiff, $50.

## NEGRO JAMES v. DAVID CARR and CASSON BOWDELL.

Court of Common Pleas. Kent. May 11, 1805.

*Rodney's Notes.*

*Hall, Ridgely* [for petitioner]. *Bayard* [for defendants].

Henry Oldfield. I live on the farm of James Metcalf in this county. Metcalf brought James up from his house 13 miles below Easton to my house last fall and kept him there three weeks plowing in wheat. He boarded him with me and charged me for his work. It was said James did not belong to Metcalf,

but that he hired him of some person in Maryland (*viz*, the defendants).

Cross-examined. Metcalf bought the farm of Bayard White a year before. He has now moved into this state with his family and lives on the farm. No one lived on it but me when he brought James up. White moved off, and I moved on and continued there one year, tilled the place in partnership. He was to find, open a cart etc. He brought his Negroes up with a view to settle on the farm. As soon as I moved off, he came on and lives there yet. He had three men and a woman there putting wheat in and getting corn in, for which last I had to allow him for.

James Nicols. Metcalf and me went to Mr. Turner, who told him he thought by the laws of this state he could bring his servants up to help seed his wheat, and he did bring them up. Referees made a settlement between them. Metcalf left all his plows etc.

Daniel Mifflin. David Carr told me he had hired James to Metcalf and did not know of his coming into this state. If he was declared free, he should try to make Metcalf pay for him.

*Hall* for petitioner. Exceptions in the law only to those who come to reside or travel through. When we subject our property to another, we are liable to the consequence. If the person who hires is not amenable for bringing in for three weeks, why should he for three or thirty years, etc. And the law would be eluded. The words of the Act, "If any person or persons shall bring in," etc., and if any person by consent of the master brings the slave in he is amenable to the law, except as is excepted. He did not come in to settle at this time.

*Fisher* for defendants. No decree in favor of freedom has been yet made where the slave has been brought in by a person to whom the owner hired him.

*Bayard.* Tenth section, "That nothing in this act shall be construed to extend, or affect, any person or persons who may move into this state." The reasonable construction of this section, *Mr. Bayard* contends, must be in their favor, from the proof in the case.

*Ridgely.* If the bringing in will not entitle the petitioner to his freedom, the carrying out if proved will entitle him to freedom etc.

The Court consider in this case that the petition be dismissed. The opinion of the Court in this case is founded on the construction of the tenth section, and the facts in this case.